IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 08-cv-01286-WYD-MEH

CHASE HOME FINANCE,

    Plaintiff,

v.

JOSEPH C. LANIER and any or all occupants,

    Defendant.

## ORDER

THIS MATTER is before the Court on the Notice of Removal, filed June 17, 2008 (docket #1). Defendant Joseph C. Lanier removed this case on the basis of diversity jurisdiction (28 U.S.C. § 1332) and federal question jurisdiction (28 U.S.C. § 1331), claiming that this case concerns the Federal Fair Debt Collections Practice Act, 15 U.S.C. § 1692.

I have reviewed the county court pleadings in the underlying case and conclude that I do not have jurisdiction over this matter. This is an eviction action following a completed foreclosure whereby the Plaintiff obtained title to the property formerly owed by Defendant. As such, it does not concern the Federal Fair Debt Collections Practices Act and does not involve an amount at issue sufficient to meet the requirements of *section 1332.*

The complaint attached to Defendant's Notice of Removal illustrates that the

underlying action is a forcible entry and unlawful detainer following a foreclosure. Even if the Defendant seeks to assert that the underlying foreclosure was invalid, the Federal Debt Collections Practices Act is not applicable. *HSBC Bank USA National Assoc v. Crowe*, 2007 U.S. Dist. LEXIS 95479 *2 (citing *Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp. 2d 176, 190 (S.D. Tex. 2007)(mortgage lenders collecting their own debts are not "debt collectors," within the meaning of the Fair Debt Collection Practices Act (FDCPA)))). Therefore, this case does not implicate federal law and jurisdiction under *section 1331* does not exist.

I also find that diversity jurisdiction under *section 1332* is absent. Plaintiff and Defendant are residents of different states. In this case, the amount in controversy is not the full amount of the previous mortgage as Defendant asserts, since the underlying debt is not at issue. In a removed case, a defendant's claim that the amount in controversy meets the jurisdictional requirement of *section 1332* does not enjoy a presumption of accuracy. *Id.* The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). "The burden is on the party requesting removal to set forth, in the notice of removal itself, the 'underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000]." *Id.* (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)). "When, as here, the plaintiff's damages are unspecified, courts generally require that a defendant establish the jurisdictional amount by a preponderance of the evidence." *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). "Although this

court has not expressly adopted the preponderance standard in these circumstances, we have stated that the requisite amount in controversy 'must be *affirmatively established* on the face of either the petition or the removal notice.'" *Id.* (quoting *Laughlin*, 50 F.3d at 873 (emphasis added)). "The italicized language requires at a minimum that the jurisdictional amount be shown by a preponderance of the evidence. *Id.* Because, as we discuss below, we conclude that defendants have failed to meet this burden, we need not decide whether a more stringent one should be applied." *Id.*

Even if the matter were considered to put the underlying foreclosure at issue, I would find that jurisdiction is not proper under the *Rooker-Feldman* doctrine or decline to hear the matter under the *Younger* abstention doctrine, as Defendant is clearly attempting to use the federal court to invalidate the state foreclosure action. *HSBS Bank* at *4-5.

In conclusion, it is

ORDERED that this case shall be remanded to the County Court, Arapahoe County, Colorado.

Dated: June 18, 2008

            BY THE COURT:

            s/ Wiley Y. Daniel
            Wiley Y. Daniel
            U. S. District Judge